United States District Court
Southern District of Texas
**ENTERED**
November 21, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CAMERON NWOSU-BEY, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 4:23-CV-1199 |
| LINCOLN GOODWIN, INDIVIDUALLY and in his official capacity as State Judicial Officer (In the Justice Court Precinct 4, Place 1, Harris County, Texas), | § § § § § § § | |
| Defendant. | § § | |

## MEMORANDUM OPINION

Pending before the Court[1] is Defendant's Motion to Dismiss Plaintiff's Original Complaint. (Dkt. No. 6.) The Court has considered the motion, all other relevant filings, and the applicable law. For the reasons set forth below, the Court **GRANTS** Defendant's Motion to Dismiss (Dkt. No. 6).

### I. BACKGROUND

*Pro se* Plaintiff Cameron Nwosu-Bey ("Plaintiff") filed this suit pursuant to 42 U.S.C. § 1983 against Defendant Judge Lincoln Goodwin ("Judge Goodwin") in his official capacity as a State Judicial Officer in the Justice Court Precinct 4, Place 1, Harris County, Texas. (Dkt. No. 1.) Plaintiff alleges Judge Goodwin violated the Fifth, Seventh, and Fourteenth Amendments of the

---

[1] The parties consented to proceed before the Undersigned Magistrate Judge for all proceedings, including trial and final judgment, pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. (Dkt. No. 11.)

U.S. Constitution. (*Id.* at 2.)

According to his complaint, Plaintiff received a notice to appear before Judge Goodwin in the Justice Court of Harris County, Texas, Precinct 4, Place 1 on a "matter of Precept & Amended Motion for Eviction." (*Id.* at 3.) Plaintiff filed a Notice of Special Appearance, arguing that the court did not have jurisdiction (*Id.*) Judge Goodwin denied the motion and explained that the court had exclusive jurisdiction over eviction lawsuits. (*Id.* at 6.)

On March 29, 2023, Plaintiff filed the instant suit. (*Id.* at 1.) Plaintiff seeks approximately $800,000 in damages against Judge Goodwin. (*Id.* at 9.)

## II. DISCUSSION

Judge Goodwin argues Plaintiff's case should be dismissed because (1) this Court lacks subject matter jurisdiction under Rule 12(b)(1) to hear Plaintiff's state law claims; (2) Judge Goodwin has judicial immunity; and (3) Plaintiff has failed to state a claim under which relief can be granted pursuant to Rule 12(b)(6). (Dkt. No. 6 at 4-9.) Plaintiff contends that this Court has jurisdiction and that his allegations are not barred by judicial immunity. (Dkt. No. 12 at 3-6.)

    a. <u>Rule 12(b)(1)</u>

Judge Goodwin argues Plaintiff's case should be dismissed pursuant to Rule 12(b)(1) because this Court lacks subject matter jurisdiction over state eviction claims. (Dkt. No. 6 at 4.) "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Mississippi, Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996)). Here, Plaintiff has brought two claims pursuant to 42 U.S.C. § 1983 against Judge Goodwin. (Dkt. No. 1 at 7-8.) "Section 1983 is a federal statute providing federal subject matter jurisdiction." *Harrington v. City of Shiner, Tex.*,

No. 6:20-CV-00039, 2021 WL 4503013, at *3 (S.D. Tex. Sept. 30, 2021) (citing *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994)). Thus, Plaintiff's claims invoke federal question jurisdiction. Accordingly, the Court denies Judge Goodwin's Motion to Dismiss as to the Rule 12(b)(1) argument.

    b.  <u>Judicial Immunity</u>

Judge Goodwin also argues that Plaintiff's case should be dismissed because Judge Goodwin has judicial immunity. (Dkt. No. 6-7.) Plaintiff contends that his allegations are not barred by judicial immunity because Judge Goodwin's actions "fell outside the scope of judicial immunity." (Dkt. No. 12 at 4.)

"It is long settled that judges are absolutely immune from liability for damages for judicial acts that are not performed in clear absence of all jurisdiction, however erroneous the act." *Gonzales v. Janssen*, No. CV H-21-2580, 2021 WL 3639666, at *1 (S.D. Tex. Aug. 17, 2021) (quoting *Johnson v. Kegans*, 870 F.2d 992, 995 (5th Cir. 1989)) (internal quotations omitted). The Fifth Circuit weighs four factors in determining whether an act is judicial: (1) whether the specific act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or in an appropriate related space, such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity. *See McAlestar v. Brown*, 469 F.2d 1280, 1282 (5th Cir. 1972). These factors are construed broadly in favor of immunity. *Adams v. McIlhany*, 764 F.2d 294, 297 (5th Cir. 1985).

Plaintiff claims Judge Goodwin "acted outside his judicial capacity and without jurisdiction when he denied Plaintiff's constitutional rights and unlawfully evicted Plaintiff." (Dkt. No. 12 at 3-6.) However, Judge Goodwin's actions during the eviction proceeding satisfy all the *McAlestar*

factors, and he is accordingly entitled to absolute judicial immunity in this case. *See Gonzales*, 2021 WL 3639666, at *1 (finding a justice of the peace was entitled to judicial immunity in a case that stemmed from an eviction proceeding). Accordingly, Plaintiff's claims against Judge Goodwin are dismissed with prejudice as barred by judicial immunity.

    c.   Rule 12(b)(6)

Judge Goodwin alternatively argues that Plaintiff's case should be dismissed pursuant to Rule 12(b)(6) for failing to state a claim upon which relief could be granted. (Dkt. No. 7-9.) However, the Court need not reach this argument.

### III. CONCLUSION

Based on the foregoing, the Court **GRANTS** Defendant's Motion to Dismiss (Dkt. No. 6). This lawsuit is **DISMISSED WITH PREJUDICE** as barred by judicial immunity. All other pending motions (Dkt. Nos. 15-16) are **DENIED AS MOOT**.

**SIGNED** in Houston, Texas on November 21, 2023.

Sam S. Sheldon
United States Magistrate Judge